# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHOLOM RUBASHKIN,<br><br>Defendant. | No. CR 08-1324<br><br>ORDER FOR DETENTION<br>FOLLOWING RECONSIDERATION |

This matter comes before the Court on the Motion for Reconsideration of Pretrial Detention (docket number 132) filed by the Defendant on December 5, 2008; the Resistance (docket number 158) filed by the Government on December 17, 2008; and the Reply (docket number 162) filed by the Defendant on December 19, 2008.

On October 30, 2008, Defendant Sholom Rubashkin was arrested and charged with conspiracy to harbor one or more aliens, aiding and abetting the possession and use of fraudulent identification documents, and aiding and abetting aggravated identity theft. The Defendant was released from custody later that day under certain conditions, including GPS electronic monitoring, surrender of his passport and that of his wife, and the posting of a $1 Million bond, with $500,000 of that amount secured by a surety acceptable to the Government.

On November 14, 2008, Defendant was arrested on a new charge of bank fraud. Following a hearing, the Court ordered Defendant detained pending trial, concluding that the Government has met its burden of proving by a preponderance of the evidence that there is no condition or combination of conditions which will reasonably assure

1

Defendant's appearance at the time of trial.[1] In his instant motion, Defendant asks the Court to reconsider its conclusion in this regard and release Defendant under additional conditions.[2] Defendant proposes additional conditions of release, including the retention of 24-hour armed guards who would have "the authority to arrest him at gunpoint if necessary."

A detention hearing may be reopened prior to trial upon the discovery of new information.

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

Thus, Defendant must present material information which was not known to him at the time of the hearing. Defendant does not offer any additional facts relating to detention, but simply offers additional conditions which he believes will reasonably assure his appearance at trial. Defendant does not point to any information which was not known to him at the detention hearing.

Defendant is detained primarily because authorities found a travel bag in his closet containing a money belt, approximately $20,000 in cash, his birth certificate, and the passports of his children. Defendant's proffer that the money was needed for household expenses is simply not credible. It is noteworthy that the cash and documents were not

---

[1] The Order for Detention was filed in *United States of America v. Sholom Rubashkin*, Case Number 1:08-mj-00381-JSS at docket number 17.

[2] Defendant also appealed the Order for Detention to Chief Judge Linda R. Reade by filing a Motion to the Chief District Judge for Revocation or Modification of Detention Order, pursuant to 18 U.S.C. § 3145(b). *See* docket number 134.

found in two lock boxes, which were open and empty in Defendant's closet, but rather were found in a travel bag in the same closet. It is believed that at least one co-Defendant has fled to Israel, possibly through Canada. Defendant returned from Canada just two days prior to his initial arrest.

Much of Defendant's argument is directed to the Court's reference to Israel's Law of Return. Defendant attaches too much significance to that single reference. At the time of hearing, Mr. Weiss made it clear that if Defendant attempted to seek refuge in Israel, he would be subject to extradition. Mr. Weiss served as an assistant United States Attorney for 18 years, and the Court accepted his representation. The additional details regarding extradition provided by Defendant in his memorandum in support of the instant motion are not "material new information."

In short, Defendant has not presented any additional facts that were not known to him at the time of the detention hearing. The Court concludes that Defendant's suggestion of additional conditions of release under these circumstances does not support reconsideration under Section 3142(f). Defendant's remedy, if any, lies with a *de novo* review by the District Court.

## ORDER

IT IS THEREFORE ORDERED that the Motion for Reconsideration of Pretrial Detention (docket number 132) filed by Defendant on December 5, 2008 is hereby **DENIED**.

DATED this 22nd day of December, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA