# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 08-CR-1324-LRR |
| vs. | |
| AGRIPROCESSORS, INC., *et al.*, | **ORDER** |
| Defendants. | |

## I. INTRODUCTION

The matter before the court is Defendant Sholom Rubashkin's Renewed Motion for Change of Venue ("Renewed Motion") (docket no. 496).

## II. RELEVANT PRIOR PROCEEDINGS

On June 1, 2009, Defendant Rubashkin filed the Renewed Motion.[1] On June 5, 2009, the government filed a Resistance (docket no. 503). On June 10, 2009, Defendant Agriprocessors, Inc. filed a Joinder (docket no. 505) to the Renewed Motion. On the same date, Defendant Rubashkin filed a Reply (docket no. 507).

On June 17, 2009, with the consent of all parties, the court held a telephonic

---

[1] On March 18, 2009, the court denied Defendant Rubashkin's Motion for Change of Venue (docket no. 209) "with leave to refile." Order (docket no. 398), at 8-9. The court "grant[ed] Defendants Rubashkin and Agriprocessors the right to renew their request for a change of venue *following voir dire*." *Id.* at 8 (emphasis added). The court has not yet conducted voir dire. Therefore, the court treats the Renewed Motion as a motion to reconsider the Order (docket no. 398). The court is in the midst of undertaking the "lesser, alternative measures to determine whether transfer [of venue] is required." Order (docket no. 398), at 8. Defendants Rubashkin and Agriprocessors, however, declined the court's invitation to limit the area from which jurors are drawn in order to exclude areas in which the media saturation and other bias might be the greatest, *i.e.*, the Decorah, Iowa, area. *See, e.g., Stroud v. United States*, 251 U.S. 15, 20 (1919) (holding district court did not abuse its discretion in limiting the area from which jurors were drawn to exclude residents of a particular county).

hearing ("Hearing") on the Renewed Motion.  Assistant United States Attorney C.J. Williams represented the government.  Attorneys Guy R. Cook and F. Montgomery Brown represented Defendant Rubashkin, who also appeared on the telephone.  Attorney James A. Clarity, III, represented Defendant Agriprocessors, Inc.  Attorney Raphael M. Scheetz represented Defendant Brent Beebe.

### III. ANALYSIS

Defendant Rubashkin states nothing in his Renewed Motion or Reply that leads the court to a different ruling than that expressed in the Order (docket no. 398).  The court declines to presume prejudice and will await voir dire before making a final decision as to whether a fair and impartial jury may be seated in the Northern District of Iowa.

*United States v. Skilling*, 554 F.3d 529, 557-65 (5th Cir. 2009), *petition for cert. filed*, 77 U.S.L.W. 3645 (May 11, 2009), is distinguishable.  *Skilling* is the famous "Enron case" and involved the convictions of one of the notorious former CEOs of the eponymous corporation.  A jury convicted the former CEO on charges of conspiracy, securities fraud, making false representations to auditors and insider trading. *Skilling*, 554 F.3d at 534.

On appeal, the former CEO challenged the district court's decision to deny his pretrial motion to change venue. *Id.* at 557-65.  The former CEO argued that, in light of pervasive community bias and inflammatory pretrial publicity against those who oversaw Enron's collapse, the district court erred in failing to presume prejudice and change venue before voir dire. *Id.*

The Fifth Circuit Court of Appeals affirmed the former CEO's convictions because the government "met its burden of showing that the actual jury that convicted [him] was impartial." *Id.* at 565.  In doing so, however, the Fifth Circuit Court of Appeals severely criticized the district court's pretrial ruling that the former CEO was not entitled to what

the Fifth Circuit Court of Appeals referred to as a presumption of prejudice. *Id.* at 561-65.

To the extent that the Fifth Circuit Court of Appeals's ruling that the former CEO was entitled to a presumption of prejudice is relevant here,[2] *Skilling* is distinguishable. Among other things, the Fifth Circuit Court of Appeals pointed out that:

> Thousands of Enron employees in Houston lost their jobs, and many saw their 401(k) accounts wiped out. As happens, moreover, in an interconnected economy, Enron's demise spilled over into other industries. Accounting firms that serviced Enron's books had less work, hotels had more open rooms, restaurants sold fewer meals, and so on. The collapse of Enron affected countless people in the Houston area, and the district court failed to account for any of this non-media prejudice.

*Id.* at 560. Further, the former CEO "offered opinion polls suggesting that one in three Houston citizens "personally kn[e]w" someone harmed by what happened at Enron." *Id.* at 560 n.47. None of these critical facts are present here.

---

[2] The Fifth Circuit Court of Appeals proceeded on the assumption that, "[a]lthough there is sufficient evidence here to raise a presumption of prejudice, the presumption is rebuttable, . . . and the government may demonstrate from the actual *voir dire* that an impartial jury was actually impanelled . . . ." *Skilling*, 554 F.3d at 561 (citation omitted). In doing so, the Fifth Circuit Court of Appeals deepened an important circuit split. Other circuit courts of appeals, including the Eighth Circuit Court of Appeals, *require reversal* when the circumstances show before voir dire that prejudice must be presumed. *Skilling* overlooks the force of the presumption: namely, when community bias and inflammatory pretrial publicity are sufficiently pervasive, the responses of the potential jurors during voir dire—no matter how innocuous they may seem—*categorically may not be trusted*. *See, e.g., United States v. Green*, 983 F.2d 100, 102 (8th Cir. 1992) (stating that a presumption of prejudice establishes that a court "could not believe the answers of the jurors [regarding their impartiality] and would be compelled to find bias or preformed opinion as a matter of law").

## *IV.  CONCLUSION*

The Renewed Motion is **DENIED**.  Defendants Rubashkin and Agriprocessors, Inc. may renew their request for a change of venue following voir dire.

**IT IS SO ORDERED.**

**DATED** this 18th day of June, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA