# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SHOLOM RUBASHKIN,<br><br>    Defendant. | No. 08-CR-1324-LRR<br><br>**ORDER** |

## I. INTRODUCTION

The matter before the court is the government's "Request for Detention" ("Motion") (docket no. 737).

## II. RELEVANT PROCEDURAL BACKGROUND

On November 12, 2009, a jury returned guilty verdicts ("Verdicts") (docket no. 736) against Defendant Sholom Rubashkin on Counts 73-143, 145-152, 156-161 and 163 of the Seventh Superseding Indictment ("Indictment") (docket no. 544). Immediately after the jury returned the Verdicts, the government requested that the court detain Defendant pending sentencing. The court detained Defendant pending an evidentiary hearing ("Hearing") on detention.

That same date, Defendant filed a "Memorandum in Support for Motion for Continued Release Pending Sentencing" ("Def. Br.") (docket no. 733). On November 16, 2009, the government filed the Motion.

On November 18, 2009, the court held the Hearing. At the Hearing, Assistant United States Attorneys C.J. Williams, Peter Deegan, Jr., and Matthew Cole represented the government. Attorneys F. Montgomery Brown and Guy Cook represented Defendant, who was personally present. At the Hearing, the court received testimony and other

1

evidence. Due to the nature of the evidence and arguments, the court reserved ruling on the Motion pending the issuance of the instant Order. Defendant was detained pending resolution of the Motion.

### III. STANDARD OF REVIEW

Title 18, United States Code, Section 3143(a) governs a defendant's release or detention pending sentencing. Section 3143(a) provides, in relevant part:

> [. . .T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. [§] 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under [§] 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with [§] 3142 (b) or (c).

18 U.S.C. § 3143(a).

The presumption in 18 U.S.C. § 3142(b), which governs a defendant's release or detention before trial, favors release. *United States v. Kills Enemy*, 3 F.3d 1201, 1203 (8th Cir. 1993) (citing 18 U.S.C. § 3142(b)). In contrast, the presumption in 18 U.S.C. § 3143(a), which governs a defendant's release or detention after trial and before sentencing, favors detention. *Id.* (citing 18 U.S.C. § 3143(a)). As a result, "[a] convicted person awaiting sentence is no longer entitled to a presumption of innocence or presumptively entitled to his freedom." *Id.* A defendant carries the burden to show by clear and convincing evidence that he or she "is not likely to flee if released upon suitable conditions." *United States v. Welsand*, 993 F.2d 1366, 1367 (8th Cir. 1993) (per curiam).

### IV. ANALYSIS

In addition to the evidence presented at the Hearing, the parties rely on evidence previously presented in conjunction with Defendant's pretrial detention and release (docket

nos. 132, 134, 158, 162, 164, 166, 171, 194 and 199). The court has reviewed this evidence and incorporates it into the instant analysis. The court sets forth the new evidence and arguments related to detention below.

### A. *Defendant's Evidence and Arguments*

Defendant argues that he has provided clear and convincing evidence to show that he is not a flight risk. Defendant argues that, aside from the fact that the jury returned the Verdicts, his circumstances have not changed since the court ruled on his pretrial release in the Order on his detention ("Detention Order") (docket no. 199). Defendant insists that his circumstances do not warrant detention.

At the Hearing, United States Probation Officer ("USPO") Lindsey Skelton testified that Defendant fully complied with all the terms of his pretrial release. USPO Skelton also testified that Defendant never abused his permission to travel out of state while on pretrial release and, when his Global Positioning System monitoring ankle bracelet became dislodged from his ankle, he alerted her immediately to allow for its expedient repair. Defendant argues that this compliance with the terms of his pretrial release is concrete proof that he is not a flight risk.

Defendant testified that he has no intent to flee despite the Verdicts. Defendant testified that he is committed to following the court's rulings, no matter the outcome of this case. Defendant testified that his religion obligated him to comply with the court's rulings.

Defendant also testified about his involvement in the Postville, Iowa, and larger Jewish community during his pretrial release. In particular, Defendant testified that he spent a substantial amount of time teaching the Torah to students enrolled at a Jewish school in Postville. Defendant reiterated that he has a strong relationship with his family as well as the Jewish community in Postville and at large.

Defendant testified that the instant action generated a great deal of interest and media attention in the Jewish community. Defendant testified that he received a great deal

3

of support from members of the Jewish community through a committee formed by Rabbi Hecht, which funded Defendant's defense. As a result of this support from his religious community, Defendant argued that, if he were to flee, he would essentially abandon and betray his family and his community.[1]

Rabbi Hecht, who was heavily involved with the committee that raised money and supported Defendant's defense fund, testified about Defendant's visibility in the Jewish community. Rabbi Hecht testified that, due to the publicity of this trial and the interest it generated in the larger Jewish community, Defendant would be known in any community to which he sought to flee. Rabbi Hecht believes that, as a result, there is nowhere Defendant could hide.

Defendant also presented over one thousand letters and e-mails of support written by members of his community who vouch for Defendant's willingness to cooperate with the law. Additionally, Defendant presented evidence of forty-three individuals willing to pledge the equity in their homes for Defendant's bail. The court also considers the pledges of support from Rabbi Kotlarsky and Rabbi Kivman, which were submitted to the court after the Hearing.

### *B. Government's Evidence and Arguments*

The government argues that Defendant poses an unacceptable flight risk. The government argues that, because he has been convicted and faces many years of imprisonment, Defendant has "a far greater incentive to flee" than during his pretrial release. Gov't. Br. at 1. The government also presented evidence that Defendant violated the terms of his pretrial release by "committing bank fraud, attempting to obstruct justice[] and tampering with evidence." *Id.*

---

[1] Defendant also argued that detention would make it difficult for him to prepare for trial on Counts 1-72 of the Indictment ("Immigration Counts"). However, on November 19, 2009, the court dismissed the Immigration Counts against Defendant. Therefore, Defendant's argument related to trial preparation on the Immigration Counts is moot.

The government presented the testimony of Special Agent Michael Fischels. S/A Fischels testified that he spoke with Co-Defendant Hosam Amara on the telephone about Amara's flight from the United States to Israel. Amara indicated to S/A Fischels that Defendant told him to leave the United States and return to Israel in order to remove himself from the situation facing Agriprocessors. The government also presented a copy of a check and bank documents that suggest Defendant provided financial assistance to Amara around the time that Amara fled the United States.

S/A Fischels also testified about Defendant's involvement with Schlomo Ben Chaim. This individual was a key witness who signed I-9s for certain illegal aliens on the Hunt payroll. S/A Fischels stated that he had learned through Mike Kruckenberg of Freedom Bank that Defendant was going to take over properties owned by Ben Chaim after Ben Chaim left the United States.

### C. *Ruling*

The court finds that the government's evidence for detention is compelling. Defendant's actions prior to and during the pendency of the instant action, when coupled with the powerful incentive to flee due to the jury's return of the Verdicts, demonstrates that Defendant poses a flight risk. The court notes that, in the Detention Order, it previously found that Defendant posed a flight risk.

The court acknowledges the overwhelming support that Defendant's community has provided during the trial and the instant proceeding. The court also recognizes that Defendant took great pains to comply with the terms of his pretrial release. The court agrees that Defendant has shown he is committed to his family and to his community. Nevertheless, the court finds that this evidence does not rise to the "clear and convincing" level necessary to show that he is "not likely to flee [. . .] if released under [§] 3142(b) or (c)." 18 U.S.C. § 3143(a). Accordingly, the court shall grant the Motion.

## V. CONCLUSION

In light of the foregoing, the Motion (docket no. 737) is **GRANTED**. Defendant shall remain detained pending sentencing.

**IT IS SO ORDERED.**

**DATED** this 20th day of November, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA