# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>SHOLOM RUBASHKIN,<br><br>  Defendant. | No. 08-CR-1324-LRR<br><br>**ORDER** |

_____

The matter before the court is Defendant Sholom Rubashkin's "Motion to Strike [the Presentence Investigation Report ("PSIR")]" ("Motion") (docket no. 914). On April 14, 2010, the United States Probation Office ("USPO") released the Final Draft of Defendant's PSIR (docket no. 887). On April 30, 2010, Defendant filed the Motion. On May 10, 2010, the government filed a Resistance (docket no. 918).

In the Motion, Defendant asks the court to strike the entire PSIR, because he believes that (1) the USPO failed to adequately address his Objections to the PSIR and (2) the PSIR is "inflammatory" and "prejudicial." Defendant's Brief in Support of Motion (docket no. 914-1), at 2-3. The court construes the Motion as an objection to the PSIR. The Motion is untimely. Any such objection must be made "[w]ithin 14 days after receiving the [PSIR]." Fed. R. Crim. Pr. 32(f)(1). Accordingly, the court denies the Motion as untimely.

Regardless of its timeliness, the Motion is without merit. Defendant's cited authority, *United States v. Swehla*, 442 F.3d 1143 (8th Cir 2006), does not support the proposition that the court must strike the PSIR in this case. *Swehla* holds that the court must not consider objected to portions of the PSIR that the government failed to prove. *See Swehla*, 442 F.3d at 1147 (upholding the defendant's sentence and stating that the defendant was "unable to cite to anything in the record to suggest that the arguably

objectionable portions of the presentence report affected the district court's sentencing of [the defendant]"). In Defendant's sentencing, the court only considers the unobjected to portions of the PSIR and those portions which it deems to be proven by a preponderance of the evidence. Pursuant to Federal Rule of Criminal Procedure 32(i)(3)(C), the court will "append a copy of the court's determinations [regarding those portions of the PSIR upon which it relied] to any copy of the [PSIR] made available to the Bureau of Prisons." Accordingly, the Motion (docket no. 914) is **DENIED.**

    **IT IS SO ORDERED.**

    **DATED** this 12th day of May, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA